ELISE KROOSS, as Executrix of HERMAN KROOSS, Deceased, Plaintiff, *v.* H. PETER MAUE, Individually and as Executor of FLORENCE K. MAUE, Deceased, and JOHN H. KROOSS, Defendants.

Supreme Court, Special Term, Bronx County, April 13, 1950.

*Samuel W. Phillips* for John H. Krooss, defendant.

*Hirleman, Vaughan & Ecker* for John H. Krooss, as administrator.

*Oliver E. Davis* and *Indursky & Neuthaler* for H. Peter Maue, individually and as executor, defendant.

EDER, J. Motion is denied. The action herein involves a dispute concerning real property. It was instituted by a mother, now deceased, against her son, John H. Krooss, one of the codefendants in this action, who now seeks leave to be substituted as the plaintiff in lieu of the named plaintiff who has died, and to continue the litigation.

The application presents an important question, viz., whether the movant, who is a defendant in this action in his individual capacity, can now continue the action in a representative capacity as successor to his mother against himself and his codefendant who is his deceased sister's representative.

Applicant cites no case to support his right to the relief sought, and no case in this State dealing with the precise question has resulted from independent research. Opposing counsel have found none after diligent research.

If the application is granted, this, in effect, would permit the movant John H. Krooss to be a plaintiff in a representative capacity, and a defendant in an individual capacity in one and the same case. Such a situation is an anomalous one and, to permit such a procedure, is irregular and may result in prejudice to the rights of other parties, and create confusion.

In New Jersey, where a comparable situation was presented (*Shippee* v. *Shippee*, 122 N. J. Eq. 570) the court took the position that a man cannot, in his individual capacity, sue himself in his capacity as executor. The rule must similarly apply to a converse situation.

In Corpus Juris (24 C. J., Executors and Administrators, § 2043, p. 812) the rule is stated as follows: " The courts do not permit a party to be both plaintiff and defendant in the same action and therefore it is not competent for a personal representative acting in his representative capacity to sue himself in his individual capacity. The rule is not altered by the fact that his corepresentative is joined with him as coplaintiff, but the pleading may be amended by striking out his name as coplaintiff. On the other hand, a personal representative cannot maintain a suit in his individual capacity against himself in his representative capacity ".

This is a logical conclusion and one with which I am in accord and, in consequence, I am unable to see that the same person, by the addition of a designation, can thus overcome the prohibition which otherwise exists. In other words, a person, by acting as executor or trustee, does not thereby become a separate entity like a corporation; he continues to be, and is, the same natural person as he is, in his individual capacity.

Viewed in this light, it follows that the motion cannot prevail and it is, accordingly denied. Settle order.