I. Stanley Rosenthal, J.
This is a motion by plaintiffs ’ attorney to have coexecutrices of the deceased defendant in this action substituted for and in place of said defendant.
*880 The only objection raised is predicated upon the following facts: that the plaintiff, an infant, by her guardian ad litem, had started suit against the deceased defendant who has died and by his will appointed Dorothy Murphy and Jean Bennett his coexecutrices, who duly qualified as such. Dorothy Murphy, one of the daughters of the deceased defendant, is also the mother of the infant plaintiff and her husband is guardian ad litem for said infant plaintiff, against the deceased defendant.
The only question to be determined here is whether or not the mother of the infant plaintiff can be named a party defendant as executrix of the deceased defendant because of a possible conflict of interest.
It can be appreciated that the mother and father of an infant have a common interest in their children and this was so under the common law under which the unity of interest is spelled out.
In Krooss v. Maue (198 Misc. 397), a Supreme Court, Special Term, Bronx County, decision by Mr. Justice Edek, the court said (p. 398):
‘ ‘ If the application is granted, this, in effect, would permit the movant John H. Krooss to be a plaintiff in a representative capacity, and a defendant in an individual capacity in one and the same case. Such a situation is an anomalous one and, to permit such a procedure is irregular and may result in prejudice to the rights of other parties, and create confusion.
“ In New Jersey, where a comparable situation was presented (Shippee v. Shippee, 122 N. J. Eq. 570) the court took the position that a man cannot, in his individual capacity, sue himself in his capacity as executor. The rule must similarly apply to a converse situation.
“ In Corpus Juris (24 C. J., Executors and Administrators, § 2043, p. 812) the rule is stated as follows: The courts do not permit a party to be both plaintiff and defendant in the same action and therefore it is not competent for a personal representative acting in his representative capacity to sue himself in his individual capacity. The rule is not altered by the fact that his corepresentative is joined with him as coplaintiff, but the pleading may be amended by striking out his name as coplaintiff. On the other hand, a personal representative cannot maintain a suit in his individual capacity against himself in his representative capacity. ’ ’ ’ However, that case was reversed by the Appellate Division, (277 App. Div. 973) and the court said: “ There is no conflict of interest between appellant in his individual and representative capacities. On the pleadings his position as defendant is identical with plaintiff’s position and the contest is between the Krooss estate now represented by appel *881 lant as administrator and respondent Mane. It is proper under the circumstances for appellant to be substituted as plaintiff.”
In another case, Bederman v. Moskowitz (139 N. Y. S. 2d 352) which involved a conversion action for jewelry in a similar circumstance where a party defendant died. The situation was somewhat different from the instant case in that the parties to the action did have a conflict of interest based on a claim by the plaintiff that the deceased defendant had converted the plaintiff’s jewelry to her own use and there the court followed the rule laid down in the Supreme Court, Bronx County, Krooss v. Maue case (supra).
In the instant case, the conflict is between the plaintiff infant by her guardian ad litem in a common interest with the guardian’s wife on one side against the deceased defendant’s estate on the other.
Under the appellate ruling cited (supra) this does not constitute a conflict of interest and the motion is accordingly granted.